UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| CARLINE M. CURRY, | ) | CASE NO. 1:11 CV1171 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| CITY OF MANSFIELD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is *pro se* Plaintiff Carline M. Curry's above-captioned Complaint alleging violations of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.*, 42 U.S.C. § 1983 *et seq*, 42 U.S.C. § 2000 *et seq*. ("Title VII") and Ohio Revised Code § 4112 ("ORC § 4112") based on racial and gender harassment and discrimination. In addition, she alleges intentional infliction of emotional distress, defamation, and negligent supervision. Ms. Curry names the City of Mansfield, Ohio ("Mansfield"), Mansfield Mayor Donald Culliver, Utilities Superintendent Angelo Klousiadis, Human Resources Director Donald Bartlett, Plant Manager Mark Morgan, Mansfield Law Director Dave Remy, former Sampling Aide Josh Kunz, Operations Supervisor Bob Coker and Water Plant Operator Tammy Cameron as party Defendants. She seeks damages in the amount of $7.5 million

in compensatory damages and $7.5 million in punitive damages.

## *Background*

Ms. Curry is employed as a Pre-Treatment Coordinator for Mansfield. On February 12, 2009, she took a ½ day of vacation leave and was brought to work by her son. When she arrived at the treatment plant, Ms. Curry encountered defendant Josh Kunz with his feet on a desk. She asked him to remove his feet and he refused. At that point, she called her son over to "witness how employees are disrespectful and insubordinate." (Compl. at 6.) When Ms. Curry's son approached, Mr. Kunz began to exchange disparaging verbal remarks with him that culminated in the son suggesting they meet outside the workplace to engage in a fistfight. The police were summoned and Ms. Curry's son was charged with menacing and disorderly conduct.

While no charges were filed against Mr. Kunz, Ms. Curry was disciplined and her son was placed on a diversion program. Someone told her she could file charges against Mr. Kunz when "Josh's case had been heard." However, when she attempted to pursue the matter, she complains that defendant Dave Remy and the other law director would not "let us file charges." (Compl. at 6.) She asks this Court why her son was not permitted to file charges against Mr. Kunz.

The remainder of the Complaint contains eight pages of streaming queries directed to the Court. Many of the sentences are simply a series of non sequiturs. In one snapshot from the Complaint, Ms. Curry asks:

> Were employees disrespectful? Were employees Josh Kunz and Tammy Cameron getting laid off and when I requested them to do an assignment; [sic] They said they were not doing a dam [sic] thing? Did Josh get mad at Mark and quit before he was laid off? Was employee Josh Kunz insubordinate anytime For [sic] instance when I asked him to take out the trash? Did Mark Morgan on 2-14-2009 eliminate seventeen industrial Users out of the Program Just [sic]

>before the City was laying off? Were all of the industries in Compliance?

(Compl. at 7.) Without directly linking the behavior of the Defendants with a relevant act, Ms. Curry concludes the Defendants intentionally engaged in race and sex discrimination. She adds that they hindered her ability to enforce her interests under contract and under the Collective Bargaining Agreement between Mansfield and Employees Local 3088.

A copy of the Notice of Right to Sue sent from the Equal Employment Opportunity Commission (E.E.O.C.) to Ms. Curry, dated March 11, 2011, is attached to the Complaint. She also attaches a letter, dated October 20, 2006, addressed to her from paralegal Heather Lehman at the Stark/Knoll law firm. It is a cover letter to deposition summaries regarding Dale Blamer, John Van Harlingen and Brad Miller. Ms. Curry hand writes across the letter, presumably to the Court,"Please read the whole document." (Ltr. of 10/20/06 from Lehman to Curry).

### *Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C.

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

§1915(e).

### *Failure to State a Claim*

Federal question jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). Under this rule, the plaintiff is the master of her claim and can avoid federal court jurisdiction by relying exclusively on state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1997).

Ms. Curry asserts, as a basis for this Court's federal question jurisdiction, that she was discriminated against based on her race and gender in violation of Title VII and 42 U.S.C. § 1981. Title VII provides that "[i]t shall be an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin ..." 42 U.S.C. §§ 2000e-2(a)(1)-(a)(2). While Ms. Curry's gender is certain, she does not disclose her race. There are so many questions she poses in the Complaint that it is nearly impossible to sift out any relevant declarations of fact. From what the Court can discern, Ms. Curry is very unhappy with the way she is being treated by the City of Mansfield.[2] Whether her race and gender are the motivating

---

[2]This is the <u>seventh</u> lawsuit filed in federal court involving Ms. Curry, Mansfield and its employees. *See Hout et al v. City of Mansfield, Ohio et al,* No. 1:04-cv-01127 (N.D. Ohio filed June 14, 2004)(Wells, J.); *Curry v. Mansfield Trtmnt Plant*, *et al,* No.1:96-cv-00702 (N.D. Ohio filed Apr. 5, 1996)(Wells, J.); *Curry v. City of Mansfield, Ohio et al, No.* 1:05-cv-02094 (N.D. Ohio filed Aug. 31, 2005)(Nugent, J.); *Curry v. Invention Submission Corporation*, *et al*, No. 1:05-cv-03000 (N.D. Ohio filed Dec. 30, 2005)(Aldrich, J.); *Curry v. City of Mansfield, Ohio et al*, No.1:10-cv-01743 (N.D. Ohio filed Aug. 31, 2005)(Boyko, J.); *Curry v. City of Mansfield, Ohio et al*, No. 1:09cv 0287 (N.D. Ohio filed Feb. 9, 2009)(Nugent, J.). The first case listed was
(continued...)

factor for the Defendants' treatment of her cannot be determined from the facts she alleges in her Complaint.

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, . . . as is enjoyed by white citizens." 42 U.S.C. §1981. This section addresses intentional discrimination based on race or color, but Ms. Curry's Complaint is devoid of any mention that she was subjected to discrimination on that basis. *See Daigle v. Gulf State Util. Co.*, 794 F.2d 974, 980 (5th Cir.), *cert. denied*, 479 U.S. 1008 (1986).

There is no statement or reference in the complaint that sets forth federal jurisdiction over the matter. Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id*. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*. at 1278. It is not clear whether Ms. Curry expects the Court to insert facts from other complaints she has filed into this Complaint, but it is not the Court's role to create a cause of action on behalf of a litigant. *Id*.

Legal conclusions alone are not sufficient to present a valid claim. *Morgan v. Church's*

---

[2](...continued)
filed against Ms. Curry and the City of Mansfield by seven male employees based on race and sex discrimination. Because Ms. Curry's Complaint provides very few dates it is difficult to discern whether her claims are barred by the statute of limitations and/or *res judicata*.

*Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Moreover, this Court is not required to accept unwarranted factual inferences. *Id*.; *see Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions). To set forth a valid claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ⸺ U.S. ⸺, ⸺, 129 S.Ct. 1937, 1949(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir.2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim' under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)). Other than a series of questions posed to the Court, Ms. Curry's Complaint contains only brief conclusory statements of discrimination. This is not sufficient to state a federal claim.

## *Conclusion*

Based on the foregoing, the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e), but without prejudice to any state law claims Ms. Curry may seek to pursue. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

       IT IS SO ORDERED.

Date: 9/14/11                                        /s/ John R. Adams
                                                      JOHN R. ADAMS
                                                      UNITED STATES DISTRICT JUDGE